# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

NEELIAN MORALES and
AILEEN MEDINA,

        Plaintiffs,

v.                                           Case No. 6:24-cv-117-JA-DCI

COADVANTAGE
CORPORATION, UNUM LIFE
INSURANCE COMPANY OF
AMERICA and COADVANTAGE
RESOURCES, INC.,

        Defendants.

## ORDER

This ERISA[1] case is before the Court on the motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Unum Life Insurance Company of America (Doc. 14) and Defendants CoAdvantage Corporation (CoAdvantage Corp.) and CoAdvantage Resources, Inc. (CoAdvantage Resources) (Doc. 18), the responses (Docs. 25 & 28) filed by Plaintiffs, Neelian Morales and Aileen Medina, and the reply (Doc. 33) filed by CoAdvantage Corp. and CoAdvantage Resources (collectively, the CoAdvantage Defendants). Having reviewed the parties' submissions, the Court finds that the

---

[1] Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461.

motions must be granted in part and denied in part.[2]

## I.   BACKGROUND[3]

Before his death at thirty-nine years old, (*see* Doc. 1 ¶ 14; Doc. 1-5 at 1), Francisco Estrada worked at the Residence Inn in downtown Orlando, Florida, (Doc. 1-5 at 1). Through his position, he was a participant in an ERISA welfare benefit plan for "[l]ife and [a]ccidental [d]eath and [d]ismemberment." (Doc. 1-6

---

[2] In the alternative to dismissal, the CoAdvantage Defendants move for a more definite statement. (Doc. 18 at 4, 10–12). This motion will be denied because the complaint is not "so vague or ambiguous that [these defendants] cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e).

[3] The CoAdvantage Defendants attach two exhibits to their motion to dismiss: (1) a December 10, 2018 letter from Unum to Francisco Estrada requesting that he fill out the questionnaire included with the letter and (2) a nearly forty-page document titled "CoAdvantage Resources, Inc. Group Benefits Plan and Summary Plan Description Effective as of October 1, 2020." (*See* Docs. 18-1 & 18-2). The CoAdvantage Defendants refer to Unum's letter to argue that the complaint does not plausibly allege the existence of a valid insurance policy "because, upon reasonable information and belief, Unum never received the additional information that it requested." (Doc. 18 at 3, 7). And they refer to the plan document—namely its definition of "Company" as excluding CoAdvantage Corp., (Doc. 18-2 at 3, 35)—to argue that CoAdvantage Corp. is not a proper defendant because it was not Estrada's employer or the ERISA plan's administrator. (Doc. 18 at 3–4, 8). Following the general rule on a motion to dismiss, the Court considers the complaint and the exhibits attached to the complaint but does not consider the exhibits attached to the CoAdvantage Defendants' motion to dismiss. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023) ("In general, courts only consider the four corners of a complaint and the complaint's attached exhibits when analyzing a Rule 12(b)(6) motion to dismiss."). Although a court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed," *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005), the Court declines to do so in this case, *see Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985) ("The court has discretion as to whether to accept material beyond the pleading that is offered in conjunction with a [Rule] 12(b)(6) motion."). The Court agrees with Plaintiffs that consideration of Unum's letter is more appropriate on summary judgment. (*See* Doc. 28 at 2). And even if the Court considered the plan document attached to the motion, that document is not dispositive of CoAdvantage Corp.'s status. *See Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 824 (11th Cir. 2001).

at 71). His former employer CoAdvantage Resources "is the [p]lan [a]dministrator and named fiduciary of the [p]lan, with authority to delegate its duties." (*Id.*). CoAdvantage Corp. is a related business entity and Estrada's other former employer. (Doc. 1 ¶¶ 1, 4–5; *see* Doc. 1-6 at 1–2). Unum insures the plan and acts as claims administrator, making coverage determinations. (Doc. 1 ¶ 6; Doc. 1-6 at 72–75). Estrada "was covered under the [p]lan for life insurance in the amount of $250,000.00." (Doc. 1 ¶ 11).

Estrada was married to Plaintiff Aileen Medina, and they had two children: Plaintiff Neelian Morales and minor Francisco Estrada II. (*See id.* ¶¶ 15–16; Doc. 1-5 at 1–2). The children are the primary beneficiaries under the plan, and Medina is the contingent beneficiary. (Doc. 1 ¶¶ 15–16; Doc. 1-5 at 2). Medina sues individually and as Francisco II's representative. (Doc. 1 at 1).

Estrada paid all required premiums until his death in February 2021, (*id.* ¶¶ 13–14), and otherwise performed as necessary under the plan, (*id.* ¶¶ 19, 32, 45). But after Estrada died, Defendants failed to pay the benefits due under the plan, (*id.* ¶ 17), and instead "declar[ed] that . . . Estrada was never insured," (*id.* ¶¶ 29, 42, 55). Thus, Plaintiffs filed suit against Defendants for failure to pay under 29 U.S.C. § 1132(a)(1)(b) and for breach of fiduciary duty under § 1132(a)(3). (Doc. 1 ¶¶ 18–56).

## II. LEGAL STANDARDS

When deciding a Rule 12(b)(6) motion to dismiss, courts "accept[] the

3

allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Crowder v. Delta Air Lines, Inc.*, 963 F.3d 1197, 1202 (11th Cir. 2020). To survive the motion, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "Exhibits attached to the complaint are treated as part of the complaint for Rule 12(b)(6) purposes." *Crowder*, 963 F.3d at 1202.

### III. DISCUSSION

All three Defendants move to dismiss the breach-of-fiduciary-duty counts against them, arguing that Plaintiffs have an adequate remedy at law in the failure-to-pay counts and cannot recover benefits due under the plan through a breach-of-fiduciary-duty count. (Doc. 14 at 7–10; Doc. 18 at 4, 9–10). Unum seeks dismissal with prejudice on futility grounds and further contends that it did not owe fiduciary duties because it was not the plan administrator. (Doc. 14 at 6–7, 10–11). CoAdvantage Corp. moves to dismiss both counts against it with prejudice on futility grounds because it is not a proper defendant or a fiduciary with respect to the plan, (Doc. 18 at 8–9), and it joins CoAdvantage Resources in arguing for dismissal of all counts because Plaintiffs do not plausibly allege that Unum issued a policy to Estrada, (*id.* at 6–7). The Court first determines whether Plaintiffs plausibly allege issuance of the policy, then examines whether CoAdvantage Corp. is a proper defendant and a fiduciary, and last

discusses the remaining breach-of-fiduciary-duty issues.[4]

## A. Issuance of the Policy

The CoAdvantage Defendants assert that "Plaintiffs fail to allege enough facts to reasonably suggest that a [p]olicy was issued to Estrada." (*Id.* at 7). However, the complaint alleges that Estrada was the insured party for the life insurance policy issued by Unum, (Doc. 1 ¶¶ 1, 3, 10); that he "was covered under the [p]lan for life insurance in the amount of $250,000.00," (*id.* ¶ 11); that after he applied for coverage, he "was informed that coverage was approved, and premium payments were deducted accordingly," (*id.* ¶ 13); that he paid "all required premiums" until his death, (*id.* ¶ 14); and that Morales and Francisco II are the beneficiaries and Medina is the contingent beneficiary of the plan, (*id.* ¶¶ 15–16). The benefit confirmation statement attached to the complaint suggests that Estrada had life insurance related to a CoAdvantage company and the Residence Inn where he worked, and it reflects a $250,000.00 benefit and a monthly cost for insurance. (Doc. 1-5 at 1). It also lists Morales and Francisco II as beneficiaries and Medina as the contingent beneficiary. (*See id.* at 1–2). The summary of benefits attached to the complaint names the ERISA plan as "CoAdvantage Resources, Inc. Welfare Benefit Plan," identifies the ERISA

---

[4] In their reply, the CoAdvantage Defendants cursorily contend that the failure-to-pay count against CoAdvantage Resources should be dismissed because Plaintiffs admit in their response that the count is "[i]nsufficiently [p]led." (Doc. 33 at 2 (emphasis omitted)). The Court does not read Plaintiffs' response to admit the count's insufficiency and does not find the reply's arguments on the subject to be persuasive.

employer and plan administrator as CoAdvantage Resources, and states that the plan "is funded by insurance issued by Unum." (Doc. 1-6 at 71–72). All in all, these allegations and attachments make it at least plausible that Unum issued a life insurance policy to Estrada. Accordingly, the complaint will not be dismissed for failure to allege issuance of the policy.

### B. CoAdvantage Corp.

CoAdvantage Corp. asserts that it is not a proper defendant or a fiduciary because it "has never had ministerial, administrative, []or any discretionary authority under the [p]lan with regard to the handling of the [p]lan funds or payment of benefits." (Doc. 18 at 8–9). It seeks dismissal from this suit with prejudice, contending that amendment would be futile. (*See id.*). *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (listing futility among the grounds for dismissal with prejudice). In response, Plaintiffs "consent[] to dismissing Co[]Advantage Corp[.] without prejudice." (Doc. 28 at 7). Based on Plaintiffs' response, the counts against CoAdvantage Corp. will be dismissed, and the Court now decides whether the dismissal will be with prejudice.

"The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997). And a party is "a fiduciary with respect to a plan to the extent" that the party "exercises any discretionary authority or discretionary control respecting management" of the plan,

6

"exercises any authority or control respecting management or disposition" of the plan's assets, or "has any discretionary authority or discretionary responsibility in the administration" of the plan. 29 U.S.C. § 1002(21)(A). To support that a defendant controls a plan's administration, an ERISA plaintiff may point to "the plan document" itself if the document designates the defendant as the plan administrator or may point to "the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document." *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 824 (11th Cir. 2001).

Although the complaint acknowledges that CoAdvantage Resources—not CoAdvantage Corp.—"is listed as the plan administrator," (Doc. 1 ¶ 5; *see* Doc. 1-6 at 71), the complaint also alleges that CoAdvantage Corp. was one of Estrada's employers, (Doc. 1 ¶¶ 1, 4–5; *see* Doc. 1-6 at 1–2), and that as such, CoAdvantage Corp. "oversaw the administration of" the plan, (Doc. 1 ¶ 25). CoAdvantage Corp. disputes its characterization as Estrada's employer, asserting that the complaint lacks "facts to support this allegation." (Doc. 18 at 8). However, the issue for futility is not whether the complaint as presently drafted alleges sufficient facts but whether an amended complaint could do so. *See Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985) (focusing the futility inquiry on whether the "complaint as amended is still subject to dismissal").

7

Given the business relationship between CoAdvantage Corp. and the plan's designated administrator, CoAdvantage Resources, the Court is not convinced that Plaintiffs could not add facts to their complaint to make plausible the allegation that CoAdvantage Corp. oversaw the plan's administration. It stands to reason that if CoAdvantage Corp. oversaw the plan's administration, it "control[led] administration of the plan"—making it a "proper party defendant," *Garren*, 114 F.3d at 187—and it possessed "discretionary authority or discretionary responsibility in the administration" of the plan—making it a fiduciary, § 1002(21)(A). The designation of CoAdvantage Resources as plan administrator in the plan document does not preclude Plaintiffs from establishing CoAdvantage Corp.'s authority over the plan's administration because Plaintiffs may point to "factual circumstances surrounding the administration of the plan" that "contradict the designation in the plan document." *See Hamilton*, 244 F.3d at 824. Because CoAdvantage Corp. has not established futility, the dismissal of the counts against it will be without prejudice.

### C. Breach of Fiduciary Duty

Three arguments remain regarding dismissal of the breach-of-fiduciary-duty counts: (1) Plaintiffs cannot bring failure-to-pay and breach-of-fiduciary-duty counts based on the same facts, (2) Plaintiffs cannot use breach-of-fiduciary-duty counts to recover benefits due under the plan, and (3) with

8

respect to Unum, Plaintiffs fail to allege fiduciary duties. (*See* Doc. 14 at 6–11; Doc. 18 at 9–10). The Court addresses these arguments in turn.

> *1. Bringing Failure-to-Pay and Breach-of-Fiduciary-Duty Counts Together*

An ERISA plaintiff cannot sue for breach of fiduciary duty under § 1132(a)(3) based on factual allegations sufficient to support a claim for failure to pay under § 1132(a)(1)(b). *See Gimeno v. NCHMD, Inc.*, 38 F.4th 910, 916 (11th Cir. 2022) (explaining the holding of *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284 (11th Cir. 2003)). But the CoAdvantage Defendants dispute that Unum issued a policy to Estrada. (*See* Doc. 18 at 6–7). And, absent a valid policy, Plaintiffs would not have an adequate remedy of law under § 1132(a)(1)(b) and thus could sue under § 1132(a)(3). *See Gimeno*, 38 F.4th at 916. The problem for Plaintiffs is that they allege in their complaint that a valid policy exists, (*see* Doc. 1 ¶¶ 10–16), and incorporate these allegations into every count, (*see id.* ¶¶ 18, 24, 31, 37, 44, 50). Although Plaintiffs also assert in the breach-of-fiduciary-duty counts that Defendants "declar[ed] that . . . Estrada was never insured," (*id.* ¶¶ 29, 42, 55), this assertion is consistent with the allegations of a valid policy if Defendants' declarations are false. Plaintiffs' requested relief that the Court "[d]eclare that accepting premiums was tantamount to confirming coverage" and award damages for breach of contract, (*id.* ¶¶ 30, 43, 56), is likewise consistent with their allegations of a valid policy.

9

Accordingly, the breach-of-fiduciary-duty counts must be dismissed. That said, the dismissal need not be with prejudice based on the failure-to-pay counts because Plaintiffs could rewrite the breach-of-fiduciary-duty counts consistent with the nonexistence of a valid policy and bring the counts in the alternative. *See* Fed. R. Civ. P. 8(d)(2)–(3) (allowing alternative and inconsistent claims); *see also Halliburton*, 774 F.2d at 444.

    2. *Recovering Benefits Under Breach-of-Fiduciary-Duty Counts*

Defendants maintain that Plaintiffs cannot recover the value of the benefits due under the plan through a breach-of-fiduciary-duty count brought under § 1132(a)(3). (Doc. 14 at 10–11; Doc. 18 at 4, 9–10). But the Eleventh Circuit has held to the contrary. *See Gimeno*, 38 F.4th at 916 (allowing beneficiaries of an ERISA plan who allegedly "lost life insurance benefits because of" defendants' breaches of fiduciary duties to "seek[] monetary relief equivalent to those lost benefits" under § 1132(a)(3)). Accordingly, the breach-of-fiduciary-duty counts will not be dismissed on this basis.

    3. *Alleging Unum's Fiduciary Duties*

To bring a breach-of-fiduciary-duty count under § 1132(a)(3), a plaintiff must "show that the defendant is in fact a fiduciary with respect to the plan." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005). As touched on above, ERISA provides that

> a person is a fiduciary with respect to a plan to the extent (i) he

> exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

§ 1002(21)(A). Unum asserts that CoAdvantage Resources is the named fiduciary for the plan. (Doc. 14 at 6–7). But "fiduciary status under ERISA is not an 'all-or-nothing concept,' and 'a court must ask whether a person is a fiduciary with respect to the particular activity at issue.'" *Cotton*, 402 F.3d at 1277 (quoting *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 61 (4th Cir. 1992)).

The complaint alleges that Unum owed fiduciary duties to "only collect premiums after it had confirmed coverage" and to "ensure that its system of administration did not allow it to collect premiums unless coverage ha[d] been verified." (Doc. 1 ¶¶ 53–54).[5] A life insurance company with the discretionary authority to make coverage determinations may be a plan fiduciary with respect to those determinations. *See Lesser v. Metro. Life Ins. Co.*, No. CV 09-5699 RSWL (CWx), 2010 U.S. Dist. LEXIS 126331, at *15–16 (C.D. Cal. Nov. 24, 2010) (finding that a defendant life insurance company was a plan fiduciary because it had "the discretion to grant or deny claims and review benefits

---

[5] The breach-of-fiduciary-duty count against Unum lists other duties owed by "Defendant Employer," (Doc. 1 ¶¶ 51–52)—a label that the complaint uses for CoAdvantage Corp., not Unum, (*see id.* ¶¶ 4–6).

11

requests"). Moreover, insurance companies "cannot 'sit back and wait' for claims to come in before they investigate the source of paid premiums." *Pottayil v. Thyssenkrupp Elevator Corp.*, 574 F. Supp. 3d 1282, 1307 (N.D. Ga. 2022) (quoting *Blue Cross & Blue Shield of Ga. v. Sheehan*, 450 S.E.2d 228, 231 (Ga. Ct. App. 1994)). Nor can they "rely 'on a compartmentalized system to escape responsibility.'" *Id.* (quoting *Lesser*, 2010 U.S. Dist. LEXIS 126331, at *14–15); *accord Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 940 (9th Cir. 2017). Unum's alleged duties align with these prohibitions. Accordingly, the breach-of-fiduciary-duty count against Unum will not be dismissed based on a failure to allege Unum's fiduciary duties.

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Defendants' motions (Docs. 14 & 18) are **GRANTED in part and DENIED in part**. The counts against CoAdvantage Corp. and the breach-of-fiduciary-duty counts against CoAdvantage Resources and Unum are **DISMISSED without prejudice**. The motions are otherwise **denied**.

2. **No later than May 2, 2024**, Plaintiffs may file an amended complaint consistent with this Order.

**DONE and ORDERED** in Orlando, Florida, on April 18, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record